Isaac Nutovic, Esq.
**NUTOVIC & ASSOCIATES**
Proposed Counsel to the
  Debtors and Debtors-in-Possession
488 Madison Avenue, 16th Floor
New York, New York 10022
(212) 421-9100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re

              Chapter 11

**C2 MEDIA LLC,**

              Case No. 10-10783

          Debtor
------------------------------------------------------------x
In re

**C2 MEDIA. INC.**           Chapter 11
**f/k/a C2 Media.com, Inc.,**

              Case No. 10-10784

          Debtor
------------------------------------------------------------x
In re

**KEOGH & CO,**            Chapter 11

              Case No. 10-10785
          Debtor
------------------------------------------------------------x
In re

**C2 TECHNOLOGY, INC.,**        Chapter 11

              Case No. 10-10786

          Debtor
------------------------------------------------------------x
In re

              Chapter 11

**C2 MEDIA CANADA HOLDINGS LLC,**

              Case No. 10-10787

          Debtor
------------------------------------------------------------x

# MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE JOINT ADMINISTRATION OF CHAPTER 11 CASES

TO THE HONORABLE UNITED STATES BANKRUPTCY
JUDGE IN THE ABOVE-CAPTIONED CHAPTER 11 CASES:

C2 Media LLC, C2 Media, Inc., Keogh & Co., C2 Technology, Inc and C2 Media Canada Holdings LLC, the debtors and debtors-in-possession herein (together, the "Debtors"), by their proposed counsel, Nutovic Associates, hereby move this Court for the entry of an Order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the joint administration of the Debtors' Chapter 11 cases (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

1. On the date hereof, the Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") and have continued in the management of their businesses and property as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2. No committee or trustee has been appointed in these cases.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges for the Southern District of New York, dated July 10, 1984 (Ward, acting C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Bankruptcy Rule 1015(b).

## Background

4. C2 Media, together with a wholly owned Canadian subsidiary, C2 Media Canada ULC, is a leading single source provider of digital and screen printed media graphics in

North America. Through its North American network of company owned and operated sales and production facilities, C2 Media offer customers the ability to print high quality media graphics for both indoor and outdoor use in varying shapes, sizes, colors and quantities.

5. Examples of the kinds of products which C2 Media produces are: In-Store – exhibits, backlit signage, toppers, window graphics, banners, end caps, floor graphics, wall graphics and in-store displays. Outdoor – banners, translights, billboards, building wraps and outdoor pole signs. Transit – bus advertising, fleet graphics, transit signage, phone kiosks and bus shelters. On-Demand Digital Printing – presentation catalogs, brochures, direct mail, presentation covers, pitch books, sales kits, reports and color copies.

6. As of December 31, 2009, the unaudited consolidated balance sheet of the Debtors' and their Canadian subsidiary, reflects assets of $17,030,580 and liabilities of $21,062,809. The Debtors currently have approximately 205 employees in eight (8) states and a further 65 individuals are employed by the Canadian subsidiary.

7. C2 Media LLC and C2 Media Inc (f/ka/ C2 Media.com Inc.) were previously debtors before this court after filing chapter 11 petitions on October 10, 2001. Subsequent to the entry of an order of United States Bankruptcy Judge Gerber confirming a joint plan on September 7, 2004, their jointly administered cases were closed.

8. The Debtors' financial difficulties stem from a confluence of events. Like many other industries, the printing industry has been severely affected by the global economic recession over the last 2 years. Unfortunately, the Debtors' financial position has eroded more than many other businesses since customer advertising budgets are among the first areas of cost cutting in any economic downturn. Because of the duration and depth of the current recession,

the efforts of management to sustain operations under their current structure have been unavailing.

9. Independent of the general recession, the printing industry is facing its own inherent difficulties due to changes in technology and fierce price competition. The rampant growth and availability of electronic print media has adversely affected much of the printing and publishing industry, including demand for hard print media. These and other challenges have resulted directly in a deterioration of the Debtors' finances to the point that they require the protection of the bankruptcy laws.

10. The Debtors expect to file very shortly a motion proposing to sell virtually all of their assets free and clear of all liens, claims and encumbrances, subject to higher or better offers with procedures for the conduct of such a sale (the "Asset Sale"). To fund their operations pending the Asset Sale, the Debtors are also seeking emergency approval of the use of cash collateral pending finalizing a consensual cash collateral stipulation with the Lender, which asserts a claim of approximately $7.35 million, secured by liens on substantially all of the Debtors' assets. The cash collateral facility is designed to enable the Debtors to ensure continuity of service to their valuable customer base, thus maximizing asset values for the benefit of their creditors and estates and also preserving the going concern value of the Debtors so that over 200 jobs can be saved.

11. By seeking bankruptcy protection, the Debtors will be able to protect and preserve their assets and businesses for the benefit of their creditors and employees. These proceedings will enable the Debtors to transition their business to a financially sound purchaser, maximize the value of the Debtors' strong goodwill, provide employment to many of their valued employees, and sustain a significant and trusted trading partner for their customer base. In

addition, through the Chapter 11 process, the Debtors will be able to maximize the value of any remaining assets for the benefit of the estates and their creditors.

**Relief Requested and Basis Therefor**

12. By this Motion, the Debtors respectfully request the entry of an Order, substantially in the form of the proposed Order annexed hereto as **Exhibit A**, authorizing the joint administration of their Chapter 11 cases.

13. Pursuant to Bankruptcy Rule 1015(b), this Court may order the joint administration of the estates of a debtor and its affiliates. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[I]f…two or more petitions are pending in the same court by…a debtor and an affiliate, the court may order a joint administration of the estates."

14. The Debtors are affiliates of each other as that term is defined in Bankruptcy Code § 101(2) and as that term is used in Bankruptcy Rule 1015(b). C2 Media, LLC owns 100% of the common shares of C2 Media, Inc. which in turn owns 100% of the common shares of Keogh & Co. They file consolidated tax returns, have centralized accounting functions and they have common officers and directors.

15. Because of the multiple financial and operational interrelationships of the Debtors, joint administration of the Debtors' cases is appropriate. The Debtors intend to file with this Court numerous motions and applications in these Chapter 11 cases. As such, joint administration of these cases, including the combining of notices to creditors of the respective estates, as well as the notices and hearing of all matters at the same time (including motions and adversary proceedings), will promote the economical, efficient and convenient administration of the Debtors' estates.

16. The rights of each of the Debtors will not be adversely affected by joint administration of these cases. See, *In re I.R.C.C., Inc.*, 105 B.R. 237, 238 (Bankr. S.D.N.Y. 1989) (joint administration promotes administrative convenience without affecting substantive rights); *In re Stuery*, 94 B.R. 553, 554 (Bankr. N.D. Ind. 1988) (joint administration promotes "desire for administrative efficiency…without altering the substantive rights of the parties"). To the extent that proofs of claim are required to be filed, each creditor shall be entitled to file a claim against the particular estate that owes it money. *Stuery*, 94 B.R. at 553-54 (estates of each debtor remain separate); *In re Parkway Calabasas Ltd.*, 89 B.R. 832, 836 (Bankr. C.D. Cal. 1988) (debtors' assets and liabilities are not merged and creditors look to separate debtor for payment). The rights of creditors will unquestionably be enhanced by the reduction of costs resulting from joint administration. Finally, supervision of the administrative aspects of the Chapter 11 cases by the Court and the United States Trustee will be simplified by the relief requested.

17. The Debtors do not seek substantive consolidation by this Motion.

### Notice

18. Notice of this Motion has been provided to the Office of the United States Trustee. In light of the nature of the relief requested, the Debtors submit that no further notice is necessary or required under the circumstances.

### No Previous Request

19. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE**, the Debtors respectfully request entry of an Order granting joint administration of the Debtors' cases and granting the Debtors such other and further relief as is just and proper.

Dated: New York, New York
February 18, 2010

**C2 MEDIA LLC, C2 MEDIA., INC., KEOGH & CO., C2 TECHNOLOGY INC., and C2 CANADA HOLDINGS LLC**
Debtors and Debtors-in-Possession

By: ___*s/David J. Manning*_____
Name: David J. Manning
Title    President and CEO

**NUTOVIC AND ASSOCIATES**
Proposed Counsel to the Debtors
  and Debtors-in-Possession

By: ___*s/Isaac Nutovic*_____
Isaac Nutovic, Esq.
488 Madison Avenue, 16th Floor
New York, New York 10022
(212) 421-9100