UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re

**C2 MEDIA LLC,**

Chapter 11

Case No. 10-10783

Debtors
---------------------------------------------------------x
In re

**C2 MEDIA. INC.**
**f/k/a C2 Media.com, Inc.,**

Chapter 11

Case No. 10-10784

Debtors
---------------------------------------------------------x
In re

**KEOGH & CO,**

Chapter 11

Case No. 10-10785

Debtors
---------------------------------------------------------x
In re

**C2 TECHNOLOGY, INC.,**

Chapter 11

Case No. 10-10786

Debtors
---------------------------------------------------------x
In re

**C2 MEDIA CANADA HOLDINGS LLC,**

Chapter 11

Case No. 10-10787

Debtors
---------------------------------------------------------x

**EMERGENCY TEMPORARY ORDER (A) AUTHORIZING THE DEBTORS'S USE OF CASH COLLATERAL UP TO $200,000 AND GRANTING ADEQUATE PROTECTION**

C2 Media LLC, C2 Media, Inc., Keogh & Co., C2 Technology, Inc and C2 Media Canada Holdings LLC (the "Debtors" or "C2 Media"), the Debtors and Debtors in possession herein, by their proposed attorneys, Nutovic and Associates, having filed an application for entry of an Emergency Temporary Order authorizing the Debtors' use of cash collateral pursuant to 11 U.S.C. §§ 105, 361 and 363 and granting adequate protection; notice of the hearing held pursuant to Bankruptcy Rule 4001(b)(2) having been given to the United States Trustee and Bank of America (the "Bank"); a hearing to consider the relief requested having been held on February 19, 2010; and the Court having heard argument from the Office of United States Trustee, counsel to the Bank and proposed counsel to the Debtors; the Bank having consented to the relief requested; the Court having found that immediate and irreparable loss or damage will be caused to the estate if immediate financing is not obtained; and for the reasons set forth in the record of the hearing ,

**IT IS HEREBY ORDERED,** as follows:

1. The Debtors are authorized to use cash which is allegedly the proceeds of collateral in which the Bank has an alleged security interest in an amount up to $200,000 and only for post petition expenses incurred in the ordinary course of the Debtors' business for the following purposes:

a. maintenance and preservation of their assets;

b. the continued operation of their business, <u>excluding</u> payroll, payroll taxes, employee expenses, and insurance costs incurred post-petition;

c. the completion of work-in-process; and

d. the purchase of critical replacement inventory.

2. Within two business days of the issuance of any payment made pursuant to this order, the Debtors shall provide the United States Trustee and the Bank with a list of payments made by date, amount and payee.

3. Contingent upon it being ultimately determined that the Bank has a security interest in the cash used by the Debtors under this order, the Bank is granted a substitute lien on property acquired by the Debtors after the filing of this case and any of the Debtors' assets not already subject to the Bank's security interest, only to the extent of the ***diminution in the*** ~~Debtors' use of~~ cash collateral ***used by the Debtors*** under the terms of this order.

4. This is an interlocutory order. Nothing contained herein shall be deemed or construed to limit the rights of the Bank or any other party.

Dated: February ***22***, 2010,
      New York, New York

                                 ***s/ Robert E. Gerber***
                                 UNITED STATES BANKRUPTCY JUDGE

No Objection to Entry of Order

Bank of America, N.A.
By their Attorneys
Wilson Elser Moskowitz Edelman & Dickman LLP

By:s/***David Tillem***_____
   David Tillem, Esq.

United States Trustee

By s/***Greg M. Zipes***_____
   Greg M. Zipes, Esq.