**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re

    **C2 MEDIA LLC, et al**

                                       Debtors
-----------------------------------------------------------x

                                       Chapter 11

                                       Case No. 10-10783 (reg)
                                       (Joint Administration)

## ORDER APPROVING (A) BREAK-UP FEE; (B) BIDDING PROCEDURES FOR THE CONDUCT OF AN AUCTION; AND (C) MANNER AND NOTICE OF SALE HEARING

This matter is before the Court upon the Motion for Orders (I) Scheduling Hearing to Consider Sale of Substantially All of the Debtors' Assets, Free and Clear of All Liens, Claims and Encumbrances, Subject to Higher and Better Offers; (II) Scheduling Hearing to Consider Approval of Break-Up Fee and Bidding Procedures for the Conduct of an Auction; (III) Fixing Manner and Notice of Sale Hearing; and (IV) Authorizing the Debtors to Sell Assets, Free and Clear of All Liens, Claims and Encumbrances, Subject to Higher and Better Offers, dated February 17, 2010 (the "Motion")[1] filed by C2 Media LLC, C2 Media, Inc., Keogh & Co., C2 Technology, Inc and C2 Media Canada Holdings LLC (the "Debtors" or "C2 Media"), the debtors and debtors-in possession herein (collectively, the "Debtors"), for, inter alia, entry of an order (this "Bidding Procedures Order") approving the bidding procedures (the "Bidding Procedures"), a copy of which is attached hereto as **Exhibit A** and made a part hereof and approving manner and notice of the hearing on the Motion (the "Asset Sale"); and the Court having reviewed the Motion; Fujifilm Sericol U.S.A. Inc having filed an objection to the Motion

---

[1] Unless otherwise expressly defined herein, any capitalized term shall have the meaning ascribed to such term in the Motion or the Sale Agreement, as defined below, as applicable.

dated March 3, 2010 (the "Fujifilm Objection"); the Court having held a hearing to consider the Motion on March 5, 2010 and for the reasons set forth in the record of the Hearing; it is

**FOUND AND DETERMINED THAT:**

  A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

  B. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A);

  C. Proper and adequate notice of the Bidding Procedures and the Hearing thereon has been given.

  D. The Debtors have articulated good and sufficient reasons for approving the Bidding Procedures;

  E. The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing the return for the Assets;

  F. The Debtors have articulated good and sufficient reasons for approving the Break Up fee (the "Break-Up Fee") as set forth in the Sale Agreement.

  G. The Break-Up Fee has been negotiated at arm's length and is reasonable under the circumstances;

  **AND**, after due deliberation and sufficient cause appearing therefore.

 **NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

 1. The Bidding Procedures, as attached hereto and incorporated herein by reference, are hereby approved.

 2. Payment by the Debtors of the Break-Up Fee to the Purchaser on the terms and conditions contained in the Sale Agreement as modified by this order is hereby approved.

 3. The Alternative Bid Deadline shall be **March 29, 2010 at 5:00 p.m.**

4.      The Auction shall be held on **April 1, 2010 at 2:00 p.m**. at the offices of Nutovic & Associates, 488 Madison Avenue, 16th Floor, New York, New York 10017, to consider any higher and better offers made in accordance with the Bidding Procedures.

5.   The Sale Hearing shall be held on **April 7, 2010 at 9:30 a.m.,** or as soon thereafter as counsel may be heard, before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004-1408 to consider (a) approval of the Sale Agreement and the sale of the Assets, pursuant to §§ 105(a), 363(b), (f), (m) and (n) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014, free and clear of all liens, claims and encumbrances, subject to higher or better offers (the "Asset Sale").

6.   On or before March **9**, 2010 (the "Service Deadline"), the Debtors shall (to the extent not already served) serve, by regular mail, a copy of this Order and the Motion, together with exhibits thereto, upon: (a) the attorneys for Purchaser, Winthrop & Weinstine, P.A., Suite 3500, 225 South Sixth Street, Minneapolis, Minnesota 55402 Attn: Mark R. Gleeman, Esq.; (b) Wilson, Elser, Moskowitz, Edelman & Dicker LLP 3 Gannett Drive, White Plains, N.Y. 10604 Attn: David L. Tillem, Esq.; (c) all entities known to assert a lien, claim, interest or encumbrance in the Debtors' assets; (d) all parties that have previously expressed interest in acquiring the Debtors' assets; and (e) the Office of the United States Trustee, 33 Whitehall Street, New York, New York 10004, Attn:Nazar Khodorovsky, Esq.

7.   The form of notice of the Asset Sale, the Auction and the Sale Hearing (the "Notice"), annexed as **Exhibit B** hereto, is hereby approved, and the Debtors are directed to serve a copy of the Notice upon (a) all known creditors of the Debtors; (b) all federal, state and local taxing authorities in which the Debtors operate businesses; (c) all parties that have filed a

notice of appearance in these cases, and (d) all parties that have previously expressed interest in acquiring the Debtors' assets, by regular mail on or before the Service Deadline.

8. Anything in the Sale Agreement notwithstanding (i) there shall be no amendments to the Sale Agreement permitted nor shall the Debtors waive any provision of the Sale Agreement without court approval; (ii) the Break-up Fee shall be $313,600 (without regard to the level of expenses incurred by Vomela Specialty Company in connection with the Sale Agreement) and (iii) in the event Vomela Specialty Company wishes to claim the Break-up Fee it shall first send documentation of its expenses in confidence to counsel to the Debtors, who shall then notify the United States Trustee only that he has received such documentation.

9. Nothing in the Sale Agreement or elsewhere shall be construed as prohibiting the Debtors from marketing their assets from and after the date of this order and the "no-shop" clause contained in paragaraph 9.13 of the Sale Agreement shall be null and void and is hereby stricken.

10. Nothing in the Sale Agreement or elsewhere shall be construed as authorizing the Debtors to permit the use of, or sell, any property except in compliance with the provisions of Bankruptcy Code section 363 or to assume or assign any leases or executory contrcts except in compliance with Bankruptcy Code section 365. The Sale Agreement shall not be construed as (ii) authorizing the Debtors to sell (A) property consigned to it by third parties under a written consignment agreement; (B) property subject to an executory contract, without compliance with the provisions of Bankruptcy Code 365 (C) the Stock, the Spyder Equipment and the Vybrant Equipment identified in the Merle Declaration attached to the Fujifilm Objection and claimed to be subject to its security interest or property claimed by Harold M. Pitman Company to be

subject to its security interest, without compliance with the provisions of Bankruptcy Code section 363.

11. The Debtors shall make the Sale Agreement schedules available to any party requesting such information.

12. In the event of any conflicts between the Sale Agreement and this order, the terms of this order shall govern.

13. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Bidding Procedures Order.

Dated: New York, New York
      March **9**, 2010

                                            ***s/ Robert E. Gerber***
                                            UNITED STATES BANKRUPTCY JUDGE

EXHIBIT A

# BIDDING PROCEDURES

The following are the Bidding Procedures[2] to be employed with respect to the Sale Agreement and the transfer of the Assets under the Sale Agreement to the Purchaser, subject to higher and better offers (the "Asset Sale"). The Asset Sale is subject to competitive bidding as set forth herein, made at an auction sale (the "Auction") to be held on **April 1, 2010 at 2:00 p.m.** at the offices of Nutovic & Associates, 488 Madison Avenue, 16th Floor, New York, New York 10022, to consider any higher and better offers made in accordance with the Bidding Procedures and approved by the Bankruptcy Court at a hearing to be held following the Auction on **April 7, 2010 at 9:30 a.m.** in Courtroom 621at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004-1408, under § 363 of the Bankruptcy Code (the "Sale Hearing"). The Bidding Procedures are designed to facilitate a full and fair process designed to maximize the value of the Assets:

a. Alternative Bid Deadline. All alternative bids must be submitted to the Debtors, c/o Corporate Fuel Advisors, LLC, 119 Fifth Avenue, 7th Floor New York, New York 10017, Attn: Alan Breitman by **March 29, 2010 at 5:00 p.m.** (the "Alternative Bid Deadline"), with a copy to Debtors' counsel, Nutovic & Associates, 488 Madison Avenue, 16th Floor, New York, New York 10022, Attn: Isaac Nutovic, Esq.

b. Due Diligence. To the extent any proposed bidder wants to undertake any due diligence with respect to the Assets, such proposed bidder must execute a nondisclosure agreement (to the extent such an agreement has not been previously executed and delivered by such proposed bidder) in form and substance acceptable to the Debtors prior to undertaking any such due diligence and all such due diligence must be undertaken and completed prior to the Alternative Bid Deadline.

c. Qualified Bid. Only alternative bids that meet with the following qualifications will be considered a "Qualified Bid":

   i. The bid must be received by the Debtors, c/o Corporate Fuel Partners LLC with copies as detailed in paragraph (a), above, by the Alternative Bid Deadline; and
   ii. The bid must be accompanied by a good faith deposit in immediately available funds of no less $250,000 and by a duly executed sale agreement, marked to reflect variations to the Sale

---

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the Debtors' Motion for Orders (I) Scheduling Hearing to Consider Sale of Substantially All of the Debtors' Assets, Free and Clear of All Liens, Claims and Encumbrances, Subject to Higher and Better Offers; and; (II) Scheduling Hearing to Consider Approval of Break-Up Fee And Bidding Procedures for the Conduct of an Auction; (III) Fixing Manner and Notice of Sale Hearing; and (IV) Authorizing the Debtors to Sell Assets, Free and Clear of All Liens, Claims and Encumbrances, Subject to Higher and Better Offers (the "Sale Motion").

  Agreement, but in no event shall such sale agreement be less favorable to the estate than the terms of the Sale Agreement.

 iii. The proposed purchase price for a Qualified Bid shall be an amount in cash of at least $6,765,000 (the "Initial Overbid"). In the event a bidder (including Purchaser) is the second best bidder (the "Back-Up Bidder"), its bid shall be irrevocable and such bidder shall remain ready, willing and able to purchase the Assets through the closing of the transaction with the successful bidder.

 iv. Without limiting the generality of the foregoing, such bid shall be for the Assets and any liabilities to be assumed under the Sale Agreement on an as-is, where-is basis and shall not include any due diligence, financing or other contingency.

 v. Simultaneously with the delivery of the down payment deposit and the executed Sale Agreement, the party submitting such overbid shall provide written evidence satisfactory to Sellers in their reasonable discretion demonstrating that such bidder has cash reserves or irrevocable commitments by lenders to provide the cash required to consummate the proposed purchase of the Acquired Assets at the overbid amount no later than the Closing Date

 vi. The entity submitting an alternative bid shall also provide evidence or affirm under oath that all necessary approvals have been obtained authorizing the submission of the bid by such entity.

 vii. Only those bidders having submitted Qualified Bids (a "Qualified Bidder") will be permitted to participate in the Auction. The Debtors will promptly notify each alternative bidder after the Alternative Bid Deadline whether it is a Qualified Bidder.

d. Auction Procedures and Bidding Increments.

 i. At the Auction (A) all bids shall be made and received in one room, on an open basis, and all other bidders shall be entitled to be present for all bidding with the understanding that the true identity of each bidder shall be fully disclosed to all other bidders and that all material terms of each bid will be fully disclosed to all other bidders throughout the entire Auction; (B) the opening bid at the Auction shall not be less than the Initial Overbid; (C) all offers subsequent to the opening bid at the Auction (*i.e.*, the Subsequent

        Incremental Bid Amount) must exceed the prior offer by not less than $50,000; (D) bidding at the Auction will continue until such time as no further bids are made within the time limit announced by the Debtors;

  ii.      The Auction will be conducted openly and each Qualified Bidder will be informed of the terms of the previous bid;

  iii.     Upon conclusion of the Auction, the Debtors shall determine the highest or otherwise best bid (the "Successful Bidder"), and such bid shall be submitted for approval by the Bankruptcy Court;

  iv.     The Successful Bidder(s) shall have the burden of establishing by competent evidence that it qualifies for section 363(m) protections;

  v.      If the Debtors do not receive any Qualified Bids, the Debtors will report the same to the Bankruptcy Court and will proceed with the Sale Hearing and no Auction shall be held;

  vi.     The Debtors reserve the right to establish such other reasonable rules and procedures for the conduct of the Auction, provided that such rules and procedures are publicly announced at the Auction.

Break-Up Fee. A Break-Up Fee shall be payable to Purchaser by the Successful Bidder at the time of closing, if a person other than the Purchaser is determined to be the Successful Bidder the Purchaser shall receive the Break-Up Fee in the amount of $313,600. Should the Purchaser rebid it will be entitled to take a credit for the Break-Up Fee.

EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
In re

       Chapter 11

   **C2 MEDIA LLC, et al**

       Case No. 10-10783
       (Jointly Administered)

      Debtors
---------------------------------------------------------x

### NOTICE OF AUCTION SALE AND HEARING ON CONSIDERATION OF APPROVAL OF SALE OF DEBTORS' ASSETS, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, SUBJECT TO HIGHER OR BETTER OFFERS PURSUANT TO SECTION 363(b) OF THE BANKRUPTCY CODE

**TO ALL CREDITORS OF THE DEBTORS AND OTHER NOTICE PARTIES:**

    **PLEASE TAKE NOTICE** that on February 18, 2010 (the "Petition Date"), C2 Media LLC, C2 Media, Inc., Keogh & Co., C2 Technology, Inc and C2 Media Canada Holdings LLC (the "Debtors" or "C2 Media"), the debtors and debtors-in-possession herein (collectively, the "Debtors"), filed voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

    **PLEASE TAKE FURTHER NOTICE** that the Debtors have filed a motion (the "Motion") seeking approval of a certain asset purchase and agreement and all ancillary transaction documents (collectively, the "Sale Agreement") by and between certain of the Debtors, their Canadian subsidiary ("Sellers") and Vomela Specialty Company (the "Purchaser"), dated as of February 17, 2010, pursuant to which the Debtors, along with a Canadian subsidiary, propose to sell substantially all of their assets (the "Assets"), free and clear of all liens, claims and encumbrances, subject to higher or better offers (the "Sale").

    **PLEASE TAKE FURTHER NOTICE** that an Order Approving (A) Break-Up Fee; (B) Bidding Procedures for the Conduct of an Auction; and (C) Manner and Notice of Sale Hearing was entered on March __, 2010.

    **PLEASE TAKE FURTHER NOTICE** that the Alternative Bid Deadline (as defined in the Bidding Procedures) shall be March 29, 2010 **at 5 p.m.**

    **PLEASE TAKE FURTHER NOTICE** that an Auction (as defined in the Bidding Procedures) will be held on April 1**, 2010 at 2:00 p.m.** at the offices of Nutovic & Associates, 488 Madison Avenue, 16th Floor, New York, New York 10022 to consider any higher and better offers in accordance with the Bidding Procedures.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held on **April 7, 2010 at 9:30 a.m.** before the Honorable Robert E. Gerber, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004-1408 to consider approval of the Sale Agreement or any higher and better offer(s) by the Successful Bidder(s).

**PLEASE TAKE FURTHER NOTICE** that the following is a general explanation of the salient terms of the Sale Agreement. Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion:[3]

> Purchased Assets: The Sale Agreement contemplates the Sellers will transfer to Purchaser all of the Assets (other than the Excluded Assets) on the terms and subject to the conditions set forth in the Sale Agreement, consisting of *inter alia* (a) accounts receivable (b) inventory (c) leases (d) equipment (e) copyrights trademarks and tradenames, the customer lists, general intangibles and goodwill (f) contracts (g) software (h) prepaid expenses (i) the all assets not specifically excluded  The sale of the Assets will be free and clear of all claims, liens and other encumbrances, except that the Assets shall not include goods subject to the written consignment agreement or collateral subject to perfected security interest of Harold M. Pitman Company.

> Excluded Assets: The Sellers are not selling to the Purchaser and the Assets do not include, among other things, (a) property in which the Debtors have not claimed any interest, such as goods (the "Consigned Goods") claimed to be subject to the security interests of Harold M. Pitman Company or Fujifilm Sericol U.S.A. Inc.; (b) property (including the Consigned Goods) claimed to be subject to a valid security interest of parties other than Bank of America, unless such party consents or unless the provisions of Bankruptcy Code section 363 are met; (c) property subject to an executory agreement unless such executory agreement is assigned in accordance with the provisions of; (d)the Sellers' records relating to the formation and organization of the Sellers  (e) rights under the Sale Agreement (f) stock or equity interests in any of the Sellers or the Canadian Sub(g) cash on hand at closing or (h) any avoidance claims and actions of the Sellers under sections 544, 545 and 547 through and including 551 of the Bankruptcy Code.

> Purchase Price: The purchase price for the Assets is cash in the aggregate amount of $6,400,000 ( the "Purchase Price") subject to adjustment based on a formula  set forth in section 2.3 of the Sale Agreement.

> Record Retention: The parties will take steps to preserve and keep records

---

[3] The following is merely a summary of the Sale Agreement and is qualified in its entirety by the actual, express terms of the Sale Agreement. To the extent there is any discrepancy between this summary and the terms of the Sale Agreement, the terms of the Sale Agreement shall control.

related to the Assets for a period following the closing of the transaction.

<u>Conditions</u>: The conditions to closing are set forth in Article VI of the Sale Agreement. They include, among other things, (a) the accuracy of representations and warranties of the Parties as of the Closing Date, (b) marketable title to the Assets, (c) consents to assignments required by the Sale Agreement and (d) the acceptance of employment by employees of the Sellers required by the Purchaser. (Purchaser anticipates hiring a substantial majority of the Sellers' 270 employees.)

<u>No Assumed Liabilities:</u> Except as specifically provided in the Sale Agreement, the Purchaser is not acquiring any debts or obligations of the Sellers.

**PLEASE TAKE FURTHER NOTICE,** that the Sellers have requested that any of the hearings scheduled by the Bankruptcy Court may be adjourned from time to time without further notice to creditors or other parties of interest, other than by announcement in Bankruptcy Court of such adjournment on the date of the hearing.

**PLEASE TAKE FURTHER NOTICE,** that copies of the entire sale package are available for inspection at the Bankruptcy Court's website (www.nysb.uscourts.gov); or during regular business hours at the office of the Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York; and you may request a copy by contacting Nutovic & Associates, 488 Madison Avenue, 16th Floor, New York, New York 10022, Attn: Isaac Nutovic, Esq., telephone number (212) 421-9100 or inutovic@nutovic.com.

**PLEASE TAKE FURTHER NOTICE,** that copies of the schedules to the Sale Agreement are not on file and may be obtained by contacting Nutovic & Associates, 488 Madison Avenue, 16th Floor, New York, New York 10022, Attn: Isaac Nutovic, Esq., telephone number (212) 421-9100 or inutovic@nutovic.com.

**PLEASE TAKE FURTHER NOTICE,** that the Debtors have requested that objections, if any, to the Sale shall be filed electronically with the Clerk of the Bankruptcy Court (with a copy to chambers), and served upon Nutovic & Associates, proposed attorneys for the Debtors, 488 Madison Avenue, 16th Floor, New York, New York 10022, Attn: Isaac Nutovic, Esq.so as to be received no later than **April 2, 2010 at 5:00 p.m.**

Dated:    New York, New York
          March 8, 2010

| | |
|---|---|
| **NUTOVIC & ASSOCIATES**<br>**488 Madison Avenue, 16th Floor**<br>New York, New York 10022<br>421-9100 | **PROPOSED BANKRUPTCY COUNSEL TO**<br>**C2 MEDIA LLC, C2 MEDIA, INC., KEOGH &**<br>**CO., C2 TECHNOLOGY INC AND C2** (212)<br>**CANADA HOLDINGS LLC**<br>**DEBTORS AND DEBTORS-IN-POSSESSION** |

# EXHIBIT A

# BIDDING PROCEDURES