Isaac Nutovic, Esq.
NUTOVIC & ASSOCIATES
Counsel to the
 Debtors and Debtors-in-Possession
488 Madison Avenue, 16th Floor
New York, New York 10022
(212) 421-9100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re

**C2 MEDIA LLC,**     et al

Chapter 11

Case No. 10-10783 (reg)
(Jointly Administered)

Debtors
---------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION TO REJECT CERTAIN UNEXPIRED LEASES AND EXECUTORY AGREEMENTS PURSUANT TO SECTIONS 365(a) OF THE BANKRUPTCY CODE**

PLEASE TAKE NOTICE that a hearing on the Debtors' Motion to Reject Certain Unexpired Lease And/Or Executory Contracts pursuant to Section 365(a) of the Bankruptcy Code (the "**Motion**") will be held before the Honorable Robert E. Gerber of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, Room 621, One Bowling Green, New York, New York, on **April 7, 2010 at 9:30 a.m.**

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and be filed with the Bankruptcy Court electronically (with a hard-copy delivered directly to Chambers), and shall be served upon (a) the Debtors and

1

their counsel, (b) the Office of the United States Trustee for the Southern District of New York, and (c) Lowenstein Sandler PC, Attn: Mary E. Seymour, Esq. 65 Livingston Avenue Roseland, New Jersey 07068 counsel to the statutory committee of unsecured creditors, appointed in these chapter 11 cases, so as to be actually received **no later than March 31, 2010**. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

Dated: New York, New York
      March 23. 2010

                              NUTOVIC AND ASSOCIATES
                              Attorneys for the Debtors
                              and Debtors-in-Possession

                      By: _s/ Isaac Nutovic_____
                          Isaac Nutovic, Esq.
                          488 Madison Avenue, 16th Floor
                          New York, New York 10022
                          (212) 421-9100

Isaac Nutovic, Esq.
NUTOVIC & ASSOCIATES
Counsel to the
 Debtors and Debtors-in-Possession
488 Madison Avenue, 16th Floor
New York, New York 10022
(212) 421-9100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re

        **C2 MEDIA LLC,**    et al

                                      Debtors

---------------------------------------------------------x

Chapter 11

Case No. 10-10783 (reg)
(Jointly Administered)

**DEBTORS' MOTION TO REJECT CERTAIN UNEXPIRED LEASES AND EXECUTORY AGREEMENTS PURSUANT TO SECTION 365(a) OF THE BANKRUPTCY CODE**

C2 Media LLC, C2 Media, Inc., Keogh & Co., C2 Technology, Inc and C2 Media Canada Holdings LLC (the "Debtors" or "C2 Media"), the debtors and debtors in possession herein, by and through their attorneys, Nutovic and Associates, hereby move this Court for the entry of an Order, authorizing the Debtors to reject certain unexpired leases and executory contracts listed on Exhibit A annexed. In support of this motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1.      The Court has jurisdiction over this matter pursuant to 28. U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

3. The statutory basis for the relief requested herein is section 365(a) of title 11 of the United States Code (the "Bankruptcy Code").

**Background**

4. C2 Media, together with a wholly owned Canadian subsidiary, C2 Media Canada ULC, is a leading single source provider of digital and screen printed media graphics in North America. Through its North American network of company owned and operated sales and production facilities, C2 Media offer customers the ability to print high quality media graphics for both indoor and outdoor use in varying shapes, sizes, colors and quantities.

3. Examples of the kinds of products which C2 Media produces are: In-Store – exhibits, backlit signage, toppers, window graphics, banners, end caps, floor graphics, wall graphics and in-store displays. Outdoor – banners, translights, billboards, building wraps and outdoor pole signs. Transit – bus advertising, fleet graphics, transit signage, phone kiosks and bus shelters. On-Demand Digital Printing – presentation catalogs, brochures, direct mail, presentation covers, pitch books, sales kits, reports and color copies.

4. As of December 31, 2009, the unaudited consolidated balance sheet of the Debtors' and their Canadian subsidiary, reflects assets of $17,030,580 and liabilities of $21, 062,809. The Debtors currently have approximately 205 employees in eight (8) states and a further 65 individuals are employed by the Canadian subsidiary.

5. C2 Media LLC and C2 Media Inc (f/ka/ C2 Media.com Inc.) were previously debtors before this court after filing chapter 11 petitions on October 10, 2001.

Subsequent to the entry of an order of United States Bankruptcy Judge Gerber confirming a joint plan on September 7, 2004, their jointly administered cases were closed.

6. The Debtors' financial difficulties stem from a confluence of events. Like many other industries, the printing industry has been severely affected by the global economic recession over the last 2 years. Unfortunately, the Debtors' financial position has eroded more than many other businesses since customer advertising budgets are among the first areas of cost cutting in any economic downturn. Because of the duration and depth of the current recession, the efforts of management to sustain operations under their current structure have been unavailing.

7. Independent of the general recession, the printing industry is facing its own inherent difficulties due to changes in technology and fierce price competition. The rampant growth and availability of electronic print media has adversely affected much of the printing and publishing industry, including demand for hard print media. These and other challenges have resulted directly in a deterioration of the Debtors' finances to the point that they require the protection of the bankruptcy laws.

8. The Debtors have filed a motion proposing to sell virtually all of their assets free and clear of all liens, claims and encumbrances, subject to higher or better offers and hope to consummate such a sale before the end of April of this year.

<b><u>Facts Relating to Leases/License to be Rejected</u></b>

**A. The Software Contracts (Exhibit A ##1-2)**

9. In 2006, the Debtors commenced a project designed to revamp their computer operating systems and create a more efficient unitary system which would control all aspects of their business. An ambitious attempt was made to develop a

proprietary system geared towards the unique needs of the Debtors' businesses. The effort required the investment of millions of dollars.

10. In order to finance the needs of this very large capital investment project the Debtors obtained financing from several lenders which structured the credit in the form of either leases, licenses or loans.

11. The project unfortunately was a failure. Despite numerous efforts to fix the various problems which prevented the system from operating as required, the Debtors were never able to get the system functioning properly. The Debtors eventually returned to using the operating system that had been in place before the project got started. As a result virtually all of the software developed for the project became redundant.

12. Agreements 1 and 2 on Exhibit A relate to the failed development project. While the debt associated with just these two agreements (there are additional loans) exceeds $1.2 million the Debtors have not utilized the software for many months prior to the commencement of this case. Thus there is no valid business reason for the Debtors or any prospective purchaser of their assets to continue leasing the software.

13. Because the software developed (i) is not functioning as intended and (ii) is geared towards the unique features of the Debtors' businesses and not readily adaptable to another system, it cannot be sold at a price remotely approaching the debt which would need to be assumed.

14. Since the software cannot be utilized in the Debtors' businesses and cannot be sold or assigned to a third party for value, the Debtors seek to reject the agreements listed as numbers 1-2 on Exhibit A so as not to incur any additional administrative expenses.

**B. The Seattle Office Agreements (Exhibit A ##3-4)**

15. Prior to the commencement of these cases, the Debtors had a production and sales location in Seattle, Washington. Because the revenue generated for that location was too low to support that office, the Debtors ceased operations in Seattle as of December 31, 2009. The Debtors had entered into a lease of the premises in June of 2008 (Exhibit A #3) and had also leased furniture for the space (Exhibit A #4).

16. Since the Seattle facility is not being used in the Debtors' businesses and the associated space and furniture leases cannot be sold or assigned to a third party for value, the Debtors seek to reject the agreements listed as numbers 3-4 on Exhibit A so as not to incur any additional administrative expenses

**B. The San Rafael Office License (Exhibit A #5)**

17. Prior to the commencement of this case, the Debtors had licensed office space for a sales office in San Rafael, California. The Debtors have closed that office because the sales revenues being generated through use of that office were not sufficient to support the cost of running that office.

18. Since the San Rafael office is not being used in the Debtors' businesses and the license for space at that office cannot be sold or assigned to a third party for value, the Debtors seek to reject the agreement listed as number 5 on Exhibit A so as not to incur any additional administrative expenses

**Supporting Authority**

19. Section 365(a) of the Bankruptcy Code provides that a debtor may, subject to court approval, "reject any executory contract or unexpired lease of the debtor." "This provision allows a [debtor] to relieve the bankruptcy estate of burdensome agreements

which have not been completely performed." *See Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

20.     The Debtors' rejection of an executory contract or unexpired lease is governed by the "business judgment" standard. *See In re Enron Corp.*, No. 01-16034, 2006 WL 898033, at *4 (Bankr. S.D.N.Y. Mar. 24, 2006) ("In determining whether to approve a [debtor's] decision to reject such lease or contract, a court applies the 'business judgment' test which is met if the rejection is beneficial to the estate."); *In re Ames Dep't Stores, Inc.*, 306 B.R. 43, 51 (Bankr. S.D.N.Y. 2004); *see also In re Orion Pictures Corp.*, 4 F.3d 1095, 1098–99 (2d Cir. 1993). Rejection should be approved under section 365(a) where a debtor has determined in its business judgment that rejection of a lease is in the best interest of its creditors and parties in interest. *See In re Bradlees Stores, Inc.*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996), *appeal dismissed*, 210 B.R. 506 (S.D.N.Y. 1997); *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (Approval of rejection motions under Section 365(a), except in extraordinary situations, should be granted as a matter of course.). Rejection of the five leases and licenses identified on Exhibit A (the "Exhibit A Agreements") is therefore appropriate if, in the Debtors' business judgment, rejection would benefit their estates. *See Orion Pictures*, 4 F.3d at 1099; *In re Stable Mews Assocs., Inc.*, 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984) ("The business judgment test provides considerably more flexibility to a [debtor]. It requires only that the [debtor] demonstrate that rejection of the [lease] will benefit the estate.").

21. The Debtors believe, in their business judgment, that the Exhibit A Agreements are not a source of potential value for their estates, prospective purchasers of their assets or their creditors. The Debtors had determined even prior to the commencement of these cases that they could no longer profitably utilize any of the benefits afforded by the Exhibit A Agreements. These agreements are, therefore, currently a net drain on the Debtors' estates. *See* 11 U.S.C. § 365(b)(3) and (5) requiring the Debtors to perform their obligations under unexpired leases of nonresidential real property and of personal property.

22. The Debtors respectfully represent that rejecting the Exhibit A Agreements is appropriate under the circumstances and reflects the Debtors' sound business judgment.

**Notice**

23. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the statutory committee of unsecured creditors; (c) the parties to the Exhibit A Agreements being rejected and (d) all those persons and entities that have formally requested notice by filing a written request for notice, pursuant to Bankruptcy Rule 2002 and the Local Bankruptcy Rules. The Debtors respectfully submit that no further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter an order, substantially in the form annexed hereto as Exhibit B, authorizing the Debtors to reject the Exhibit A Agreements and (b) grant such other and further relief as may be appropriate.

Dated: New York, New York
March 23, 2010

**C2 MEDIA LLC, C2 MEDIA., INC., and KEOGH & Co., C2 TECHNOLOGY INC., and C2 CANADA HOLDINGS LLC**
Debtors and Debtors-in-Possession

By: _s/David J. Manning____
Name: David J. Manning
Title: CEO and President

**NUTOVIC AND ASSOCIATES**
Counsel to the Debtors
and Debtors-in-Possession

By: /s/_Isaac Nutovic_
Isaac Nutovic, Esq.
488 Madison Avenue, 16th Floor
New York, New York 10022
(212) 421-9100

# Exhibit A

**C2Media Inc.**
Lease List

| No. | Lease # | Vendor/Lessor | START DATE | END DATE | LEASE DESCRIPTION | MONTHLY DUE | TOTAL AMOUNT | Cure Amt <br> Due 2/18/10 Estimated |
|---|---|---|---|---|---|---|---|---|
| 1 | 112854000 | Nat. City Comm Capital | 6/27/2008 | 7/1/2011 | Software | 20,859.93 | 663,623.22 | 177,309.00 |
| 2 | 117232000 | Nat.City Comm. Capital | 11/12/2008 | 12/1/2011 | Software | 24,872.23 | 671,550.31 | 211,414.00 |
| 3 | 114178000 | Nat.City Comm. Capital | 9/15/2008 | 10/1/2011 | Furniture | 947.28 | 30,012.40 | 8,052.00 |
| 4 | | 624 S. Lander L.P. | 8/01/2008 | 07/31/2013 | Facility | 5,476.00 | | 10,952.00 |
| 5 | | HQ Global | 5/1/2008 | 5/1/2010 | Facility | 2,058.00 | | 2,058.00 |

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re

      Chapter 11

**C2 MEDIA LLC,**    et al

      Case No. 10-10783 (reg)
      (Jointly Administered)

      Debtors
--------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION TO REJECT CERTAIN UNEXPIRED LEASES AND /OR EXECUTORY CONTRACTS PURSUANT TO SECTION 365(a) OF THE BANKRUPTCY CODE**

Upon the Debtors' Motion to Reject Certain Unexpired Lease And/Or Executory Contracts Pursuant to Section 365(a) of the Bankruptcy Code (the "Motion") filed by C2 Media LLC, C2 Media, Inc., Keogh & Co., C2 Technology, Inc and C2 Media Canada Holdings LLC, the debtors and debtors-in-possession herein (together, the "Debtors") for entry of an order authorizing the Debtors to reject certain leases and executory agreements listed on Exhibit A to the Motion (the "Exhibit A Agreements"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion will benefit the Debtors' estates, their creditors and all other parties in interest; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and upon the arguments and testimony presented at the hearing before the Court, and any objections to the Motion

having been withdrawn, resolved or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that:

1. The Motion is granted.

2. The Debtors' rejection of the Exhibit A Agreements is hereby approved.

3. The Debtors' rejection of the Exhibit A Agreements pursuant to section 365(a) of the Bankruptcy Code is an exercise of the Debtors' sound business judgment and is in the best interest of the Debtors' estates and creditors.

4. The Debtors' rejection of the Exhibit A Agreements shall be effective as of the date hereof.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: New York, New York
   April_____, 2010

                 _____
                 United States Bankruptcy Judge