UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:

  **C2 MEDIA LLC**, et al.,

          Debtors

Chapter 11

Case No. 10-10783 (reg)
(Jointly Administered)

---------------------------------------------------------------x

# ORDER AUTHORIZING SALE OF THE DEBTORS' ASSETS
# FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

C2 Media LLC, C2 Media, Inc., Keogh & Co., C2 Technology, Inc and C2 Media Canada Holdings LLC, the debtors and debtors-in possession herein (collectively, the "Debtors" or "C2 Media") having filed a Motion For Orders (I) Scheduling Hearing to Consider Sale of Substantially All of the Debtors' Assets, Free and Clear of All Liens, Claims and Encumbrances, Subject to Higher and Better Offers; (II) Approving (A) Break-Up Fee and (B) Bidding Procedures for the Conduct of an Auction and Entering Order Thereon; and (III) Fixing Manner and Notice of Sale Hearing; (IV) Authorizing the Debtors to Sell Assets, Free and Clear of All Liens, Claims and Encumbrances, Subject to Higher and Better Offers, dated February 23, 2010 (the "Motion")[1] seeking this Court's authorization pursuant to sections 105 and 363 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to sell substantially all of the Debtors' assets, but specifically excluding any goods held by the Debtors under a written consignment agreement (the "Assets") free and clear of all liens,

---

[1] Unless otherwise expressly defined herein, any capitalized term shall have the meaning ascribed to such term in the Motion or the Sale Agreement, as defined below, as applicable.

claims, encumbrances, and other interests to Vomela Specialty Company (the "Purchaser" or "Vomela");

AND, requisite notice of the Motion having been provided in accordance with Bankruptcy Rule 6004 and the Court having entered (a) an order on March 9, 2010 (the "Scheduling Order"), pursuant to which the Court, *inter alia*, (i) established the date and time for the hearing to consider approval of a sale agreement with Purchaser (the "Sale Hearing"), (ii) approved the form and manner of notice for the sale of the Assets (collectively, the "Sale"); and approved the bidding procedures specified therein ( the "Bidding Procedures")

AND, an objection to the Motion having been filed by Harris County dated April 1, 2010 on the grounds that its secured lien claim in the amount of $9,529.37 (the "Harris County Claim") must be paid out of the proceeds of sale prior to distribution to other secured creditors;

AND, an objection to the Motion having been filed by the Official Committee of Unsecured Creditors (the "Committee") dated April 2, 2010 and a supplement to the objection dated April 5, 2010 (collectively, the "Committee Objection");

AND, the Debtors' having filed a response to the Committee Objection dated April 4, 2010; and Bank of America (the "Bank") having filed a response to the objection filed by Harris County and to the Committee Objection;

AND, the Sale Hearing having been held before this Court on April 7, 2010 at which time the Court adjourned the Sale Hearing and directed that an auction take place;

AND, an auction having been conducted at the offices of Fried, Frank, Harris, Shriver & Jacobson LLP (the "Auction") at which time the Debtors announced that the

best bid was the bid by Purchaser as articulated through that certain Asset Purchase And Sale Agreement, dated as of February 23, 2010, between the Debtors and Purchaser, a copy of which is annexed to the Motion as Exhibit A, modified as set forth in the record of the Auction, including all amendments, schedules, exhibits, and agreements ancillary thereto identified at the Auction (the "Sale Agreement") ;

**AND**, the Sale Hearing having continued after the conclusion of the Auction, at which time all parties-in-interest were afforded an opportunity to be heard; and the Court having heard testimony and received evidence in support of the Debtors' request to sell the Assets to Purchaser; and upon all of the pleadings filed with the Court and the record of the Sale Hearing before the Court; and the Committee Objection having been partially granted and partially overruled by the Court as indicated at the Sale Hearing; and it appearing to the Court that the relief requested by the Motion is in the best interests of the Debtors and their estates; and after due deliberation and consideration and good and sufficient cause appearing therefor; and for the reasons set forth in the transcript of the record of the Sale Hearing,

**IT IS HEREBY FOUND AND CONCLUDED, that:**[2]

A. On February 18, 2010 (the "Petition Date"), the Debtors filed petitions for relief under Chapter 11 of the Bankruptcy Code commencing their cases (the "Chapter 11 Cases"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors remain in possession of their property and continue to operate and manage their businesses as debtors-in-possession. No trustee or examiner has been appointed in these cases.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate. See Fed.R.Bankr.P. 7052.

B. This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. Determination of the Motion is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (M), (N), and (O). The statutory predicates for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

D. Proper, timely, adequate and sufficient notice of the Motion, the Bidding Procedures, the Sale Hearing, and the proposed Sale have been provided in accordance with the terms of the Scheduling Order and such notice constitutes due and proper notice for purposes of sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9006, and no other or further notice of the Motion, the Sale Hearing, or of the entry of this Order is required.

E. A full, fair, and reasonable opportunity for any entity to make a higher and better offer to purchase the Assets has been provided. The Debtors have complied with the procedures set forth in the Scheduling Order concerning the evaluation of competing bids, the conduct of the Auction, and the communication with the proponents of competing bids to the extent required thereby. The Sale and Auction process conducted by the Debtors was non-collusive, fair and reasonable, and conducted in good faith.

F. The testimony of David Manning, President and Chief Executive Officer of the Debtors was credible. In determining that the Purchaser made the best bid at the Auction, the Debtors properly took into account appropriate objective and

subjective factors, including that Britten Banners, Inc ("Britten") made an offer that was higher than Purchaser's but that such bid was not sufficiently higher to offset the Debtors' estimation that Purchaser's offer as compared to Britten's offer (i) would save more jobs (ii) contained less risk that the transaction would fail to close as offered (iii) afforded a better opportunity to preserve current vendor relationships and (iv) would result in fewer rejection claims and concomitantly more creditor claims being paid.

G. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons and entities, including: (a) all parties, if any, who are known to claim a property interest in or lien upon the Assets; (b) all governmental taxing authorities who have, or as a result of the Sale of the Assets may have, Claims (as defined below), contingent or otherwise, against the Debtors; (c) all potential purchasers known by the Debtors; (d) all creditors and other parties who have filed a Notice of Appearance in these cases; and (e) the United States Trustee for the Southern District of New York.

H. The Debtors have full corporate power and authority to execute, deliver and perform the Sale Agreement and all other documents contemplated thereby and to consummate the transactions contemplated thereby; the execution, delivery and performance by the Debtors of the Sale Agreement and all other documents contemplated thereby and the consummation of the transactions contemplated thereby have been duly authorized by all necessary corporate action on the part of the Debtors; and no consents or approvals, other than those expressly provided for in the Sale Agreement, are required to consummate the Sale.

I. The Sale is in the best interests of the Debtors and their estates.

The Debtors have an adequate business justification to sell the Assets pursuant to the terms of the Sale Agreement. Without an expeditious sale of the Assets, there will be substantial diminution in the value of the Assets to the detriment of the Debtors' estates and their creditors. Such business justification includes, but is not limited to, the following factors: (i) there is a significant risk of immediate and irreparable deterioration in the value of the Assets if the Sale is not consummated quickly; (ii) the Sale Agreement constitutes the best bid for the Assets or any portion thereof; (iii) the consummation of the Sale Agreement presents the best opportunity to realize the value of the Assets and avoid further decline and devaluation thereof; and (iv) the Sale pursuant to the Sale Agreement is in the public interest, as it will result in the continued operation of the Assets. After consideration of the circumstances described in the Motion, the Court determined that the Bidding Procedures presented the best opportunity for the Debtors' estates to realize the highest distribution possible to creditors.

J.  The Purchase Price constitutes fair and reasonable consideration and reasonably equivalent value for the Assets.

K.  As a condition to the Sale, the Purchaser requires that the Assets be sold free and clear of all liens, claims, encumbrances and other interests of any kind or nature, whether absolute, accrued, contingent or otherwise and whether due or to become due and whether or not asserted, known or unknown, currently existing or hereafter arising (including pre-petition and post-petition liabilities and obligations of the Debtors) and however arising (all such liens, claims, encumbrances and other interests are being referred to herein as "Claims") other than liabilities expressly assumed in the Sale Agreement ("Assumed Liabilities"). The Purchaser would not enter into the Sale

Agreement or consummate the Sale, thus adversely affecting the Debtors' estates, if the Sale were not free and clear of all such Claims, other than Assumed Liabilities.

      L.      Each entity with a lien on the Assets has consented to the Sale or is deemed to have consented to the Sale or the transfer is proper pursuant to section 363(f) of the Bankruptcy Code.

      M.      All of the actions taken by the Purchaser, the Debtors, and their respective officers, directors, employees, counsel and other professionals in connection with the Sale Agreement and the Sale Motion and the auction process have been taken in good faith, and the Purchaser is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code.

      N.      Except for the Assumed Liabilities, neither the Purchaser nor any of its successors and assigns is assuming any of the Debtors' obligations or liabilities or any Claims against the Debtors.

      O.      The transfer of the Assets as contemplated by the Sale Agreement (a) is or will be legal, valid, and effective transfers of certain property of the Debtors' estates to the Purchaser, and (b) vests or will vest in the Purchaser all right, title, and interest of the Debtors in and to all of the Assets free and clear of all Claims, other than Assumed Liabilities specified in the Sale Agreement, under sections 363(f) and 105 of the Bankruptcy Code.

**NOW, THEREFORE, UPON THE RECORD CREATED AT THE SALE HEARING AND ALL PLEADINGS AND PAPERS FILED IN CONNECTION WITH THE MOTION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

      1.      The Motion is granted in all respects.

      2.      All objections to the Motion or the relief requested therein that

have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled on the merits.

3. The terms and conditions of the Sale Agreement hereby are approved in all respects, and the sale of the Assets pursuant to the Sale Agreement is hereby authorized under sections 363(b) and (f) of the Bankruptcy Code. The omission in this Order of specific reference to any provision of the Sale Agreement shall not impair or diminish the efficacy, propriety, or approval of such provision. To the extent there is a conflict between this Order and the Sale Agreement, the terms of this Order shall prevail.

4. By the issuance of this Order, the Debtors are authorized to execute and deliver, and empowered to fully perform under, consummate and implement, the Sale Agreement and all additional amendments, instruments, and documents that may be reasonably necessary or desirable to implement the Sale Agreement and to take all further reasonable actions for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser and/or its assigns, any or all of the Assets.

5. Pursuant to sections 363(f) and 105(a) of the Bankruptcy Code, title to all of the Assets shall be transferred to the Purchaser and/or its assigns on the Closing Date, as defined below, in accordance with the terms and conditions of the Sale Agreement (or thereafter as provided therein), free and clear of all Claims, other than Assumed Liabilities, with all such Claims released, terminated and discharged as to the Purchaser (and its successors and assigns) and the Assets.

6. Except as may be expressly permitted by the immediately preceding paragraph, all persons and entities holding Claims of any kind and nature with respect to the Assets or the Debtors hereby are barred from asserting such Claims against

the Purchaser, its successors and assigns, or against the Assets.

7. If any person or entity that has filed any mortgages, deeds of trust, financing statements, or other documents or agreements creating or establishing liens on any Assets, has not delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all liens which the person or entity has with respect to any Assets, then the Purchaser and/or its assigns hereby is authorized to execute and file statements, instruments, releases, and other documents on behalf of the person or entity with respect to such Assets. The foregoing notwithstanding, the provisions of this Order authoring the sale and assignment of the Assets free and clear of Claims (other than Assumed Liabilities) shall be self-executing, and notwithstanding the failure of the Debtors, the Purchaser, or any other party to execute, file or obtain releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and/or implement the provisions hereof or the Sale Agreement with respect to the sale and assignment of the Assets, all liens on the Assets shall be deemed divested, void and unenforceable. All persons or entities that are presently, or at any time hereafter prior to the transfer to the Purchaser, in possession of any of the Assets are hereby directed to surrender possession of any of the Assets to the Purchaser and/or its assigns at the Closing.

8. Disposition of the Sale proceeds shall be dealt with in a subsequent order of the Court to be entered following a conference to take place on April 22, 2010 at 3:30 p.m.

9. This Order shall be binding upon the Debtors, their successors and

2742906.1

assigns and any trustee that may be appointed in these cases or in any cases under Chapter 7 of the Bankruptcy Code to which such cases may be converted, and any affected third parties, all persons and entities asserting any Claims against or interests in the Debtors' estates or any of the Assets and all other persons and entities, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons or entities who may be required by operation of law or by the duties of their office or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report to or insure title or state of title in or to any of the Assets.  Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sale Agreement, including without limitation, documents and instruments for recording in any governmental agency or department required to transfer the Assets to the Purchaser and/or its assigns and all licenses under the Debtors' ownership necessary for the operation of any Assets, and the county and state offices wherein termination statements under the Uniform Commercial Code are authorized to be filed.

10. The Purchaser and/or its assigns is a purchaser in good faith of the Assets and is entitled to all of the protections afforded by § 363(m) of the Bankruptcy Code.

11. In the absence of a stay pending appeal, the Purchaser and/or its assigns will be acting in good faith within the meaning of § 363(m) of the Bankruptcy

Code in closing the Sale as contemplated by the Sale Agreement at any time after the entry of this Order and, accordingly, such closing in the face of an appeal will not deprive the Purchaser and/or its assigns of its status as a good-faith purchaser. If the parties to the Sale consummate the transactions contemplated thereby while an appeal of this Order is pending, the Purchaser shall be entitled to rely upon the protections of § 363(m) of the Bankruptcy Code, absent any stay pending appeal granted by a court of competent jurisdiction prior to such consummation.

12. The Purchase Price for the Assets is fair and reasonable and the Sale shall not be avoided under § 363(n) of the Bankruptcy Code.

13. The Court retains jurisdiction to (i) enforce and implement the terms and provisions of the Sale Agreement, all amendments thereto and any waivers and consents thereunder, (ii) resolve any disputes arising under or related to the Sale, and (iii) interpret, implement and enforce the provisions of this Order.

14. The Sale Agreement and any related agreements, documents, or other instruments may be waived, modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court.

15. As provided by Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry.

Dated: New York, New York
*April 14, 2010*

    *s/ Robert E. Gerber*
    UNITED STATES BANKRUPTCY JUDGE

2742906.1